## IN THE COURT OF APPEALS OF IOWA

No. 16-0494
Filed May 11, 2016

**IN THE INTEREST OF Y.B. and Y.B.,**
**Minor Children,**

**S.B., Father,**
        Appellant.

_____

Appeal from the Iowa District Court for Buena Vista County, Mary L. Timko, Associate Juvenile Judge.

A father appeals from the court's adjudicatory and dispositional orders in a child-in-need-of-assistance proceeding. **AFFIRMED.**

Andrew J. Smith of Mack, Hansen, Gadd, Armstrong & Brown, P.C., Storm Lake, for appellant father.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Lisa K. Mazurek of Miller, Miller, Miller, P.C., Cherokee, attorney and guardian ad litem for minor children.

Considered by Potterfield, P.J., and Mullins and McDonald, JJ.

**MULLINS, Judge.**

The father of Y.B., age four, and Y.B., age two, has appealed the adjudication and disposition of his children as children in need of assistance (CINA). He raises five issues: the first four issues challenge sufficiency of evidence (the continued removal of the children from the father's home, the adjudication of CINA, the continued adjudication after the dispositional hearing, and the transfer of custody to the Iowa Department of Human Services (DHS)); and the last issue—if the CINA adjudication is affirmed—argues he should be the focus of reunification efforts, not the mother.

We review CINA adjudicatory and dispositional orders de novo. *In re J.S.*, 846 N.W.2d 36, 40 (Iowa 2014).

After the mother was arrested for operating while intoxicated (OWI) and other charges, she sent her children home with her sister. The next evening the father took the children. When a DHS worker contacted the father, he failed to cooperate with her efforts to conduct a family assessment arising out of the mother's OWI and other charges. He failed to provide DHS or the court access to the children. He had no permanent or stable home and had very limited prior contact with his children. He also has a long criminal history, and at the time of the hearings in this matter, was subject to pending criminal charges. He was less than candid and forthright during his testimony in these proceedings.

There is substantial evidence to support the eleven pages of findings of fact made by the juvenile court. It correctly found by clear and convincing evidence removal of the children from the father's home was necessary for the protection of the children and adjudication as CINA was appropriate as to the

father pursuant to Iowa Code section 232.2(6)(c)(2) (2015) because the evidence failed to show the father had a consistent home and either a history of or capacity to exercise a reasonable degree of care in supervising the children.

We agree with the determinations made in the juvenile court's dispositional order that the least restrictive, most appropriate placement for the children at that time was foster care, transfer of custody to DHS was necessary for the protection of the children, and efforts for reunification should focus on the mother as the parent from whom custody was taken.

We affirm without further opinion pursuant to Iowa Court Rule 21.26(1)(b), (d).

**AFFIRMED.**